UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:21-mc-00114-CEM-LHP

NATIONWIDE JUDGMENT RECOVERY, INC.,

    Plaintiff,

v.

EDGARD J. MORALES,

    Defendant,

v.

REGIONS BANK,

    Garnishee.
_____/

## FIRST NOTICE TO DEFENDANT

**TO:**
Edgar J. Morales
13379 Glacier National Dr., Apt. 202
Orlando, FL 32837-4344

YOU WILL PLEASE TAKE NOTICE that, pursuant to Plaintiff's Motion for Writ of Garnishment, the Clerk of the United States District Court for the Middle District of Florida, Orlando Division, has issued a Writ of Garnishment to REGIONS BANK. A copy of the Motion and the Writ are attached hereto. A Notice to Defendant of Rights Against Garnishment of Wages, Money and Other Property is also attached hereto, along with a Florida Claim of Exemption Form, as required by law.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of this First Notice to Defendant, Motion for Writ of Garnishment, Writ of Garnishment, Notice to Defendant of Rights Against Garnishment of Wages, Money and Other Property and Florida Claim of Exemption Form has been furnished by First Class United States Mail to: Edgar J. Morales, 13379 Glacier National Dr., Apt. 202, Orlando, FL 32837-4344 on January 6, 2023.

Respectfully submitted,

*/s/ Alison Emery*

---

Alison N. Emery, Esquire
Florida Bar No. 621641
Emery Law PLLC
5011 Gate Parkway, Bldg 100, Suite 100
Jacksonville, FL 32256
Telephone 904-404-5800
E-mail: alison@emerylawjax.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:21-mc-00114-CEM-LHP

NATIONWIDE JUDGMENT RECOVERY, INC.,

    Plaintiff,

v.

EDGARD J. MORALES,

    Defendant,

v.

REGIONS BANK,

    Garnishee.

_____/

## RENEWED MOTION FOR WRIT OF GARNISHMENT, AND MEMORANDUM OF LAW

Comes now movant **NATIONWIDE JUDGMENT RECOVERY, INC.**, ("**NJR**" or "**Plaintiff**"), by and through undersigned counsel and pursuant to Rules 64 and 69 of the Federal Rules of Civil Procedure, Local Rule 7069-1 and Chapter 77, Florida Statutes, moves this Clerk of Court again for the issuance of a post-judgment Writ of Garnishment directed to Garnishee **REGIONS BANK ("Regions")** who is believed by Plaintiff to have possession or control of tangible assets of Defendant/Judgment Debtor, EDGARD J. MORALES ("**Defendant**"), and as grounds alleges:

    1.    On August 14, 2017, the United States District Court for the Western District of North Carolina, Charlotte Division, entered a Final Judgment ("the Judgment") in favor of Receiver Matthew Orso ("Orso") and against each individual member of a Defendant Class of net winners in a Ponzi scheme, including the Defendant herein [Docket item 1].

1

2. On December 16, 2019 the judgment was assigned by Orso to Nationwide Judgment Recovery (see Bill of Sale and Assignment attached to Docket item 1).

3. On September 20, 2021, the Judgment was registered in this Court with the Plaintiff listed as NJR's predecessor, Matthew Orso, as required by the Clerk of this Court.

4. The amount of the Judgment remains unpaid and unsatisfied. There remains due and owing $4,669.18, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

5. On April 12, 2022 Plaintiff initially requested the issuance of a Writ of Garnishment against Regions (Docket Item 5), who it believed to possibly be in possession of monies belonging to Defendant.

6. On April 28, 2022 this Court denied Plaintiff's Motion for Writ without prejudice, holding that NJR was not a proper party to the matter as only Orso was the named Plaintiff. (Docket Item 7).

7. In response to the Court's ruling, NJR filed a Motion for Substitution (Docket Item 8) seeking to substitute NJR in for Orso.

8. On December 2, 2022, this Court entered an Order substituting NJR for Orso as the named Plaintiff (Docket Item 9).

9. NJR believes that the Garnishee continues to have or possibly has in its possession and control certain monies or property belonging to the Debtor sufficient to satisfy the Judgment in whole or in part.

10. All conditions precedent to the issuance of a subsequent Writ of Garnishment have occurred or have been performed.

### $100 Fee

Pursuant to Administrative Order 2014-86, Local Rule 67.1(c), and Florida Statute Section 77.28, Plaintiff shall no longer pay $100 into Court registry but instead shall make that payment directly to the Garnishee upon demand.

### MEMORANDUM OF LAW

The Federal Rules of Civil Procedure set out a clear process for proceedings in aid of judgment. Fed. R. Civ. P. 69 (a)(1) provides that a money judgment is enforced by a writ of garnishment. "The procedure on execution...must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies". *Id.* Florida law also provides for judgment enforcement through writ of garnishment. "Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment." Fla. Stat. § 77.01. The rules further provide that a judgment entered in one United States District Court may be registered in other district courts, and "a judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner," § 28 U.S.C. 1963. District Courts in Florida have affirmed that a judgment entered in one United States District Court and registered in another is to be enforced in the new district with the law of the state in which the new district is located as though the judgment in question was originally rendered in the new district. See *Bluewater Trading, LLC v. Fountaine Pajot, S.A.*, 2009 WL 3295522 (S.D. Fla. October 13, 2009), citing *Orix Financial Services, Inc. v. Sims*, No. 3:06-MC-16-J-32MCR, 2008 WL 681037 (M.D. Fla. Mar. 7, 2008) (applying Florida law to objections to Florida execution proceeding on judgment entered in Southern District of New York).

As for enforcement of a judgment once entered or registered, Rule 69 is also clear that a writ of execution is the means for enforcement, and that "the procedure on execution…must accord with the procedure of the state where the court is located…" Fed R. Civ. P. 69(a)(1). Turning then to Florida law, the Florida Statutes state that a judgment creditor is entitled to enforce a money judgment through a writ or writs of garnishment:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person…and any tangible or intangible personal property of defendant in the possession or control of a third person. § 77.01, Fla. Stat. (2002).

Florida Statute § 77.03 governs the issuance of writs after judgment:

> After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion…stating the amount of the judgment.

As to the required elements of a writ, Florida Statute § 77.04 states that the writ shall:

> require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in the plaintiff's motion.

Plaintiff has complied with the requirements of the Federal Rules of Procedure and of Florida Statutes with regard to the elements required for issuance of a Writ of Garnishment against Regions as set forth herein, and therefore is entitled to entry of the requested Writ of Garnishment. A proposed Writ of Garnishment along with the Notice to Defendant that the Clerk is required to attach to an entered writ under Florida Statute § 77.041(1) is attached hereto as Exhibit A.

4

WHEREFORE, movant NATIONWIDE JUDGMENT RECOVERY, INC., respectfully requests that this Court enter an Order granting this Motion and directing the Clerk of Court to issue a Writ of Garnishment directed to Regions in the amount of $4,669.18 and granting such other relief deemed just and proper.

Dated: December 16, 2022

Respectfully submitted,
/s/*Alison N. Emery*
Alison N. Emery, Esquire
Florida Bar No. 0621641
Emery Law, PLLC
5011 Gate Parkway, Bldg 100, Suite 100
Jacksonville, FL 32256
Telephone 904-404-5800
E-mail: alison@emerylawjax.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:21-mc-00114-CEM-LHP

NATIONWIDE JUDGMENT RECOVERY, INC.,

    Plaintiff,

v.

EDGARD J. MORALES,

    Defendant,

v.

REGIONS BANK
*12301 S Orange Blossom Trail*
*Orlando, FL 32837*

    Garnishee.

_____/

## WRIT OF GARNISHMENT

TO STATE OF FLORIDA:
To Each Sheriff of the State
and the U.S. Marshals Service:

    YOU ARE COMMANDED to summon the Garnishee, REGIONS BANK, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301, and who is required to serve an answer to this Writ on Nationwide Judgment Recovery's attorney Alison N. Emery, Esq., Emery Law, PLLC, 5011 Gate Parkway, Bldg. 100, Suite 100, Jacksonville, FL 32256, 904-404-5800, within twenty (20) days after service of this Writ, exclusive of the day of service, and to file the original with the Clerk of the Court either before service on the attorney or immediately thereafter. The answer shall state whether the Garnishee holds any accounts in the name of the Defendant, EDGARD J. MORALES, his/her account number(s) and dollar amount in each account, and whether Garnishee is indebted to the Defendant at the time of the Answer or was indebted at the time of service of the Writ, or any time between such times, and in what sum and what tangible and/or intangible personal property of the Defendant the Garnishee has or had in its possession or control at the time, and whether the Garnishee knows of any other person indebted to the Defendant or who may have any other property of the Defendants in their possession or control. The amount set forth in Plaintiff's motion is $4,669.18.

1

**FAILURE TO FILE AN ANSWER WITHIN THE TIME REQUIRED MAY RESULT IN THE ENTRY OF JUDGMENT AGAINST THE GARNISHEE FOR THE ABOVE TOTAL AMOUNT OF $4,669.18, PLUS INTEREST, COSTS, AND ATTORNEY'S FEES.**

**NOTICE TO DEFENDANT:** You are hereby notified that you have a right to an immediate hearing for dissolution of this Writ pursuant to Florida Statute Section 77.07.

DATED ON    January 3, 2023   .

Clerk, U.S. District Court for the Middle District of Florida

By _____Suzanna Manuel_____

As Deputy Clerk

2

## NOTICE TO DEFENDANT OF RIGHT AGAINST
## GARNISHMENT OF WAGES, MONEY AND n OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT. NOTE THAT THE FORM REQUIRES YOU TO COMPLETE A CERTIFICATION THAT YOU MAILED OR HAND DELIVERED COPIES TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff or the plaintiff's attorney must file any objection within 8 business days if you hand delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 14 business days if you mailed a copy of the form for claim and request to the plaintiff or the plaintiff's attorney. If the plaintiff or the plaintiff's attorney files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of hearing. You may attend the hearing with or without an attorney. If the plaintiff or the plaintiff's attorney fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money or property will be released.

IF YOU HAVE A VALID EXEMPTION, YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAMS IN YOUR AREA.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:21-mc-00114-CEM-LHP

NATIONWIDE JUDGMENT RECOVERY, INC.,

    Plaintiff,

v.

EDGARD J. MORALES,

    Defendant,

v.

REGIONS BANK
*12301 S Orange Blossom Trail*
*Orlando, FL 32837*

    Garnishee.

_____/

## CLAIM OF EXEMPTION AND REQUEST FOR HEARING

I claim exemptions from garnishment under the following categories as checked:
_____ 1. Head of family wages. (You must check "a" or "b" below)
    _____a. I provide more than one-half of the support for a child or other dependent and have net earnings of $750.00 or less per week.
    _____b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750.00 per week, but have not agreed in writing to have my wages garnished.
\_\_\_\_\_ 2. Social Security benefits.
\_\_\_\_\_ 3. Supplemental Security Income benefits.
\_\_\_\_\_ 4. Public Assistance (welfare).
\_\_\_\_\_ 5. Workers' Compensation.
\_\_\_\_\_ 6. Unemployment Compensation.
\_\_\_\_\_ 7. Veterans' Benefits.
\_\_\_\_\_ 8. Retirement or profit-sharing benefits or pension money.
\_\_\_\_\_ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.
\_\_\_\_\_ 10. Disability Income benefits.
\_\_\_\_\_ 11. Prepaid College Trust Fund or Medical Savings Account.
\_\_\_\_\_ 12. Other exemptions as provided by law (Explain) _____

4

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address: _____

City: _____ State: _____ Zip: _____ Ph. No.: _____

The statements made in this request are true to the best of my knowledge and belief.

_____
(Defendant's signature)                                    (Date)

STATE OF FLORIDA
COUNTY OF _____

SWORN AND SUBSCRIBED to before me this _____ day of _____, 20__, by

_____.

                                        _____
                                                    Notary Public

Personally known _____ OR Produced identification _____

Type of Identification Produced _____


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered ___ OR mailed _____ by first class mail to Alison N. Emery, Esq., Attorney for Nationwide Judgment Recovery, Inc, at 5100 Gate Parkway, Bldg 100, Suite 100, Jacksonville, FL 32256 this _____ day of _____, 20___.

                                        _____
                                                    Defendant

5